IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS E. CASAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-675-K-BN |
| | § | |
| THE CITY OF CLEBURNE, TEXAS, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this case, referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade, the deadline to move for leave to amend the pleadings or join parties was July 1, 2016. *See* Dkt. No. 12, ¶¶ 2 & 3.

On November 30, 2016, almost five months after that deadline expired, Defendants The City of Cleburne, Texas and its Fire Chief sought leave to amend their answer and Plaintiff Carlos E. Casas, proceeding *pro se*, sought leave to amend his complaint and leave to join additional defendants. *See* Dkt. Nos. 13, 24, 25, & 26. Pursuant to the Court's December 1, 2016 order [Dkt. No. 28], the parties conferred regarding their motions and filed a joint status report on December 9, 2016 informing the Court that Plaintiff does not oppose Defendants' motion but that Defendants oppose Plaintiff's motion, *see* Dkt. Nos. 30 & 31.

Through a separate order, the undersigned granted Defendants' motion for leave

to amend the answer. *See* Dkt. No. 33. The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should deny Plaintiff's motion for leave to amend the complaint.

## Legal Standards and Analysis

"According to case law in this circuit, motions to amend under Fed. R. Civ. P. 15 are characterized as non-dispositive, pre-trial motions that a magistrate judge may adjudicate with the consent of the presiding district judge." *United States v. Parker*, Nos. MO:12-CR-00267(2)-RAJ & MO:14-CV-00049, 2015 WL 12513430, at *14 n.6 (W.D. Tex. Dec. 18, 2015) (citing *PYCA Indus., Inc. v. Harrison Co. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421, n.11 (5th Cir. 1996); *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, Nos. 11-1659 & 13-508, 2014 WL 294574, at *1 (E.D. La. Jan. 27, 2014)); *see also BP Exploration & Prod. Inc. v. Cashman Equip. Corp.*, Civ. A. H-13-3046, 2016 WL 1732756, at *2 (S.D. Tex. Apr. 29, 2016) ("A magistrate judge's order on a party's motion for leave to amend is a nondispositive matter governed by Federal Rule of Civil Procedure 72(a)." (citing *Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 851 (5th Cir. 2010))).

But "[t]he law is not settled regarding whether a motion to amend that is denied is a case dispositive motion under 28 U.S.C. § 636." *Darr v. Amerisure Ins. Co.*, Civ. A. No. 16-232-JWD-EWD, 2016 WL 5110267, at *1 n.5 (M.D. La. Aug. 31, 2016) (collecting cases and noting that "[i]t does not appear that the [United States Court of Appeals for] the Fifth Circuit has ruled on this issue").

Recognizing the possibility that the law is unsettled, and because Plaintiff is a *pro se* litigant, the undersigned takes a cautious approach as to the denial of his motion for leave and enters these findings, conclusions, and recommendation to afford Plaintiff an opportunity to object to Judge Kinkeade.

Because the standards by which the Court evaluates a motion for leave to amend the pleadings vary according to whether the motion was filed before or after the deadline established in the scheduling order, the Court must determine, as an initial matter, whether the motion was filed before or after the deadline. *See, e.g.*, *Orthoflex, Inc. v. Thermotek, Inc.*, Nos. 3:11-cv-08700-D & 3:10-cv-2618-D, 2011 WL 4398279, at *1 (N.D. Tex. Sept. 21, 2011) ("Motions for leave to amend are typically governed by Rule 15(a)(2), or, if the time to seek leave to amend has expired, by Rule 16(b)(4) and then by Rule 15(a)(2).").

When, like here, the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet the good cause standard, the party must show that, despite his diligence, he could not reasonably have met the scheduling order deadline. *See id.* at 535; *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citations and internal quotation marks omitted)).

-3-

The Court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)).

Only if a movant satisfies Rule 16(b)(4)'s requirements will the Court determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536; *cf. Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) ("recogniz[ing]" that, in addition to futility, untimeliness is a "valid reason" that is substantial enough to deny leave to amend (citing *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320-21 (5th Cir. 1991))).

Neither Plaintiff's motion nor his accompanying brief discuss Rule 16(b)(4)'s good cause standard, *see* Dkt. Nos. 24 & 25, but Plaintiff's brief reflects that he first discussed amendment of the complaint with Defendants' counsel on November 16, 2016, more than four months after the deadline to amend the pleadings and join parties and only two weeks prior to the dispositive motions deadline, *see* Dkt. No. 12, ¶¶ 2, 3, & 8. Because Plaintiff fails to explain why this discussion could not have occurred prior to the deadline to move for leave established by the Court, the first

-4-

factor weighs heavily against allowing Plaintiff's untimely amendment.

While the importance of the amendment appears uncertain, it does seem that Plaintiff seeks to add an equal protection claim. Adding such a claim after Defendants have moved for summary judgment certainly prejudices Defendants. *See Valcho v. Dallas Cty. Hosp. Dist.*, 658 F. Supp. 2d 802, 815 (N.D. Tex. 2009) ("This court has frequently found prejudice when a party seeks leave to amend after the opposing party has filed a motion for summary judgment." (collecting cases)); *see also Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) ("To grant ... leave to amend is potentially to undermine [a party's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint.... A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint." (quoting from and then affirming the opinion below; internal quotation marks omitted)).

Therefore, on balance, the factors weigh against granting Plaintiff's untimely motion for leave to amend the complaint.

## Recommendation

The Court should deny Plaintiff's motion for leave to amend the complaint [Dkt. No. 24].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 16, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE