IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| CARLOS E. CASAS, | § | |
| --- | --- | --- |
| Plaintiff, | § § § | |
| V. | § | No. 3:16-cv-675-K-BN |
| THE CITY OF CLEBURNE, TEXAS, ET AL., | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Carlos E. Casas filed this *pro se* action against Defendants The City of Cleburne, Texas and its fire chief in state court in Johnson County. *See* Dkt. No. 1-6. Defendants removed this action to this Court after Casas clarified that 42 U.S.C. § 1983 provides the legal basis for his claims. *See* Dkt. Nos. 1 & 1-13 at 5. And the action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

Defendants now move for summary judgment as to Casas's claims and several affirmative defenses. *See* Dkt. Nos. 14, 15, & 29. Casas has filed a response in opposition. *See* Dkt. No. 47. Defendants have filed a reply brief. *See* Dkt. No. 53. And Casas has filed a court-authorized sur-reply. *See* Dkt. No. 57.

The undersigned issues the following findings of fact, conclusions of law, and

recommendation that, for the reasons and to the extent explained below, Defendants' motion for summary judgment should be granted and the Court should dismiss this action with prejudice.

**Applicable Background**

Through his verified state-court petition, Casas claims that Defendants violated his "Constitutional Right to Due Process" by failing to notify him of a February 21, 2013 meeting of Cleburne's Building Standards Commission (the "Commission"), at which that Commission voted to demolish a residential structure owned by Casas and located at 311 North Walnut Street in Cleburne (the "Commission's Decision"). Dkt. No. 1-6; *see also* 1-13 at 5 (clarifying that his federally-protected right to due process has been violated by the Commission's decision).

Within 30 days of that decision, Casas filed a Petition for Review in state court requesting that Defendants "follow [his] Constitutional Right to Due Process." *Id.* at 3; *see also Casas v. Fire Chief of the City of Cleburne, Tex.*, No. C201300141 (249th Dist. Ct., Johnson Cty., Tex.) [Dkt. No. 29-3].

That case was dismissed without prejudice for want of prosecution on August 20, 2014. *See* Dkt. No. 29-3 at 11-13; *see also* Dkt. No. 1-6 at 3-4. In November 2015, Casas received a letter from the Cleburne Fire Chief notifying him that the City "will issue a contract for demolition for all structures located on premises at 311 N. Walnut ... on December 2, 2015." Dkt. No. 1-6 at 8. Casas then filed this action in state court on December 1, 2015.

After Defendants filed the current motion for summary judgment – and almost five months after the deadline to amend pleadings and join parties – Casas moved to amend his complaint (the petition removed from state court). *See* Dkt. No. 24. The Court denied leave to amend under Federal Rule of Civil Procedure 16(b)(4). *See* Dkt. Nos. 35 & 40. And the United States Court of Appeals for the Fifth Circuit denied Casas's improper interlocutory appeal of the Court's order denying leave to amend. *See Casas v. City of Cleburne, Tex.*, No. 17-10063 (5th Cir. May 31, 2017) [Dkt. No. 61].

The operative complaint therefore remains Casas's state-court petition, in which he alleges that Defendants are liable under Section 1983 for violating his right to due process. *See* Dkt. Nos. 1-6 & 1-13.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of

a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)). The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005);

*Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

"Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

If, "after the nonmovant has been given an opportunity to raise a genuine

factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment

as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent that such pleadings comport with the requirements of current Rule 56(c). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *accord Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

## Analysis

Res Judicata and Collateral Estoppel

Defendants first argue that summary judgment should be granted as to their affirmative defenses of res judicata (or claim preclusion) and collateral estoppel (or issue preclusion). Both defenses are based on the Commission's Decision, the state-court appeal of which was dismissed for want of prosecution. *See* Dkt. No. 15 at 13 ("Because [the Commission is] vested with authority to hear and determine matters relating to substandard buildings, [Casas's] attempt to challenge the results or validity of that hearing or seek damages is an improper collateral attack on ... the demolition order.").

> The Supreme Court of the United States has "long favored application of the common-law doctrines of collateral

> estoppel (as to issues) and res judicata (as to claims) to those determinations of administrative bodies that have attained finality." *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991). "Federal courts must ordinarily give a state agency's decision 'the same preclusive effect to which it would be entitled in the state's courts.'" *Hitt v. Connell*, 301 F.3d 240, 247 (5th Cir. 2002) (quoting *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986)). Under Texas law, claim preclusion applies when the following elements are present: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Igal v. Brightstar Info. Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008) (citation omitted). "[Claim preclusion] does not apply when the initial tribunal lacks subject matter jurisdiction over the claim." *Id.* at 82 (citing *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 452-53 (Tex. 2007)). Issue preclusion, sometimes described as a subset of claim preclusion, "prevents relitigation of particular issues already resolved in a prior suit." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). Issue preclusion applies when four conditions are met: (1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine. *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1421 (5th Cir. 1995) (citation omitted); *State & County Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 697 (Tex. 2001).

*Ehnot v. Labarge Coating, LLC*, Civ. A. No. H-12-1084, 2013 WL 1701068, at *3 (S.D. Tex. Apr. 18, 2013) (footnote omitted; some alteration to original); *see also Charalambopoulos v. Grammar*, No. 3:14-cv-2424-D, 2017 WL 606639, at *6 n.7 (N.D. Tex. Feb. 15, 2017) ("'To determine the preclusive effect of a state court judgment in a federal action, federal courts must apply the law of the state from which the judgment emerged.'" (quoting *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 (5th Cir. 2006))).

Defendants' assertion that the Commission's Decision precludes the claims and

issues in this action rests primarily on Texas cases holding "that a party asserting a taking based on an allegedly improper administrative nuisance determination must appeal that determination and assert his takings claim in that proceeding." *Patel v. City of Everman*, 361 S.W.3d 600, 601 (Tex. 2012) (per curiam) (citing *City of Dallas v. Stewart*, 361 S.W.3d 562 (Tex. 2012)).

> The Supreme Court of Texas, in *Stewart*,
>
> noted that "although agencies have no power to preempt a court's constitutional construction, a party asserting a taking must first exhaust its administrative remedies and comply with jurisdictional prerequisites for suit" [and] also held that "a litigant must avail himself of statutory remedies that may moot his takings claim, rather than directly institute a separate proceeding asserting such a claim."

*Patel*, 361 S.W.3d at 601 (quoting *Stewart*, 361 S.W.3d at 579 (in turn citing *City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 234-37 (Tex. 2011)); original brackets omitted).

Applying *Stewart* to the facts of *Patel*, that court noted that, although "Patel appealed the administrative nuisance determination" to a forum "proper … for litigating his taking claim," because "he nonsuited the case[,] Patel cannot attack collaterally what he declined to challenge directly." *Id.* at 601-02 (further observing "that a failure to assert a constitutional claim on appeal from an administrative determination precludes a party from raising the issue in another proceeding"; citation omitted); *see Stewart*, 361 S.W.3d at 580 ("A party cannot attack collaterally what she chooses not to challenge directly. Cities are not, therefore, subject to new takings suits for long-concluded nuisance abatements."); *see also City of Beaumont v. Como*, 381 S.W.3d 538, 539-40 (Tex. 2012) (per curiam).

These cases reflect that the Texas Supreme Court's concern is errant takings suits – that is, takings claims brought collaterally without proper administrative exhaustion and direct appeal (and possibly well after the related abatement).

Here, however, Casas's claims are that a failure to provide him proper notice of the Commission's Decision violated his federally-protected right to due process. As the Texas Supreme Court observed in *VSC*, a decision that court relied on in *Stewart*,

> [d]isputes about proper notice invoke procedural due process, not the Takings Clause. In *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 543 (2005), the Supreme Court observed that takings and due process are distinct inquiries and held that due process claims must be addressed first because whether there has been proper notice is a question "logically prior to and distinct from" whether there has been a taking. The Takings Clause guarantees compensation "in the event of otherwise proper interference amounting to a taking." *Id.* (internal quotations omitted). If due process is violated due to failure of notice, however, "that is the end of the inquiry" because "[n]o amount of compensation can authorize such action." *Id.* Thus, VSC's failure-of-notice claim is more properly considered as alleging a due process violation than a taking.

*VSC*, 347 S.W.3d at 238.

Given this clear distinction between a due-process and a takings claim – and even if the Texas authority Defendants cite may support an argument that all constitutional claims (including a denial of due process) are preempted in the manner Defendants advocate for in their motion, *but see Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 222 (5th Cir. 2012) ("[E]xhaustion of state remedies is not required before a plaintiff can bring suit under § 1983 for denial of due process. Consequently, Bowlby was not required to go through the appeal process set out in the [municipal zoning ordinance] in order to state a cognizable procedural due process claim." (citing *Patsy*

*v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982); *James v. Gonzales*, 464 F.3d 505, 513 n.46 (5th Cir. 2006))) – for present purposes, Defendants have not carried the heavy burden of establishing "beyond peradventure *all* of the essential elements" of either defense as those defenses apply here. *Fontenot*,780 F.2d at 1194.

For example, Defendants have not established beyond peradventure that Casas's due-process claims are precluded because the Commission's Decision amounts to "a prior final judgment on the merits" of those claims. *See Igal*, 250 S.W.3d at 86. Nor have Defendants established beyond peradventure that the due-process issues raised in this action are precluded because those issues are "identical to [those] litigated" – "fully and vigorously" – in the Commission's Decision. *See Copeland*, 47 F.3d at 1421; *Miller*, 52 S.W.3d at 697; *see also In re Scarbrough*, 836 F.3d 447, 456 (5th Cir. 2016) ("Under Texas law, 'collateral estoppel bars re-litigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit.' To be 'actually litigated,' the issue must have been 'raised, contested by the parties, submitted for determination by the court, and determined.'" (citations omitted)).

The Court should therefore deny summary judgment as to Defendants' affirmative defenses of res judicata and collateral estoppel.

Due Process Claims

Defendants have, however, established their entitlement to judgment as a matter of law on Casas's claims – that Defendants violated his right to due process.

It seems clear that the Court may address whether Casas's due-process allegations state a procedural violation, but it is less clear whether Casas asserts a

separate substantive-due-process violation as his allegations appear to be procedurally-grounded and because the operative complaint fails to articulate a separate substantive claim. *See, e.g., Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 89-90 (5th Cir. 2011) ("A substantive due process violation is an 'action government officials may not take no matter what procedural protections accompany them'" and should be differentiated from – and not solely "involve[]" – "the same *procedural* allegations" that support an articulated "procedural due process claim" (quoting *Augustine v. Doe*, 740 F.2d 322, 326 (5th Cir. 1984); citations and original brackets omitted)). But, because Casas is proceeding *pro se*, the undersigned will construe his due process claim as stating separate procedural and substantive violations. *See, e.g., Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (observing that "*pro se* pleadings must be liberally construed to prevent the loss of rights due to inartful expression" (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980))).

Procedural Due Process

"'Procedural due process considers not the justice of a deprivation, but only the means by which the deprivation was effected.'" *Bowlby*, 681 F.3d at 222 (quoting *Caine v. Hardy*, 943 F.2d 1406, 1411 (5th Cir. 1991)). As such, "'the root requirement' of the Due Process Clause [is] 'that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)); *see Bowlby*, 681 F.3d at 222 ("[T]he injury that stems from a denial of due

process is not the liberty or property that was taken from the plaintiff, but the fact that it was taken without sufficient process." (citing *Nasierowski Bros. Inv. Co. v. City of Sterling Heights*, 949 F.2d 890, 894 (6th Cir. 1991))).

"'Due process,' however, 'does not require that a property owner receive actual notice before the government may take his property.'" *Kinnison v. City of San Antonio*, 480 F. App'x 271, 276 (5th Cir. 2012) (per curiam) (quoting *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (in turn citing *Dusenbery v. United States*, 534 U.S. 161, 170 (2002))). Instead, "[a] state actor need only provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Jones*, 547 U.S. at 226 (in turn quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); internal quotation marks omitted).

Here, "Defendants concede that [Casas] had a property interest at stake at the [C]ommission's February 20, 2013 hearing." Dkt. No. 15 at 15. And competent summary-judgment evidence, records from the Commission, establishes (1) that Casas attended meetings of the Commission after his purchase of the property located at 311 North Walnut Street, including the meeting held on January 16, 2013, at which he submitted a witness sign-in card and testified about the condition of the property, *see* Dkt. No. 29-2 at 24, 30, 32 (reflecting that the Commission granted "30 days, until February 20, 2013 for the owner [to] show progress on repairs and the will be the final 30 day extension on the property located at 311 N. Walnut"); (2) that notice of the February 20, 2013 meeting was sent to Casas by certified mail, *see id.* at 27-29; and (3)

that Casas emailed a City employee on February 19, 2013, requesting that she "[p]lease send [him] the tracking number for the Building Standards meeting citation for tomorrow," that she responded three minutes later, and that Casas replied later that day; *id.* at 31, 41.

Given this record, in particular evidence that Casas actually knew that there would be a Commission meeting on February 20, 2013, the Court should grant summary judgment for Defendants on the procedural-due-process claim. *See Smith v. Texas*, No. 2:10-cv-218-J, 2011 WL 6039838, at *3 (N.D. Tex. Dec. 5, 2011) (holding that because "[p]rocedural due process's notice requirement is met where the notice is 'reasonably calculated' to give actual notice to the interested party of the pendency of the action against them," "[i]t logically follows ... that due process is certainly met where such reasonably calculated notice provides actual notice to" that party; granting summary judgment on due-process claim).

<u>Substantive Due Process</u>

"Substantive due process bars arbitrary, wrongful government action regardless of the fairness of the procedures used to implement them." *Monumental Task Committee, Inc. v. Foxx*, ___ F. Supp. 3d ___, Civ. A. No. 15-6905, 2017 WL 914056, at *9 (E.D. La. Mar. 8, 2017) (citing *Lewis v. Univ. of Tex.*, 665 F.3d 625, 630-31 (5th Cir. 2011); *Marco Outdoor Adver., Inc. v. Reg'l Transit Auth.*, 489 F.3d 669, 673 n.3 (5th Cir. 2007)).

"A plaintiff who brings a substantive due process claim must: (1) 'allege a deprivation of a constitutionally protected right;' and (2) demonstrate that the

-14-

government action is not 'rationally related to a legitimate governmental interest.'" *Cripps v. La. Dep't of Agric. & Forestry*, 819 F.3d 221, 232 (5th Cir. 2016) (quoting *Mikeska v. City of Galveston*, 451 F.3d 376, 379 (5th Cir. 2006)).

"Only if ... government action [related to zoning] is 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare,' may it be declared unconstitutional." *FM Props. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5 th Cir. 1996) (quoting *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926)); *see, e.g., Shoemaker v. City of Howell*, 795 F.3d 553, 567 (6th Cir. 2015) (collecting authority recognizing that safety, aesthetics, vermin control, and community beautification are all legitimate government interests (citing *Berman v. Parker*, 348 U.S. 26, 33 (1954) ("It is within the power of the legislature to determine that the community should be beautiful...."); citations omitted)).

In light of this authority, the Commission's actions to abate nuisances (such as blighted property) are substantially related to a legitimate government interest. As such, any claim that Casas's right to substantive due process was violated by the those actions fails – and Defendants should be granted summary judgment as to any substantive-due-process claim that Casas asserts in this action.

**Recommendation**

The Court should grant Defendants' motion for summary judgment [Dkt. No. 14] as to Casas's claims for relief and dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 31, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE